## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. **AMERICAN NATIONAL PROPERTY**<br>    **AND CASUALTY COMPANY,**<br><br>           **Plaintiff,**<br><br>**vs.**<br><br>1. **CHARLES J. COPELAND,**<br>2. **AMANDA LAWSON, individually**<br>    **and as mother and next friend**<br>    **of H.M., a minor, and**<br>3. **INDEPENDENT SCHOOL DISTRICT**<br>    **NO. I-007 of OKLAHOMA COUNTY**<br>    **a/k/a HARRAH PUBLIC SCHOOL**<br>    **DISTRICT,**<br><br>           **Defendants.** | )<br>)<br>)<br>)<br>)<br>)   **Case No.**  CIV-20-1033-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** the Plaintiff, American National Property and Casualty Company, by and through its counsel of record of the law firm BAUM GLASS JAYNE CARWILE & PETERS, and hereby files this Complaint for Declaratory Judgment, and in support thereof, states as follows:

### Jurisdiction and Venue

1.     This is an action for declaratory relief pursuant to and in accordance with Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 to determine a real and justiciable controversy among the parties with respect to their rights and obligations, if any, under a certain insurance contract, as described more fully below.

1

2.     Plaintiff American National Property and Casualty Company ("American National") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in Springfield, Missouri, in Greene County, in the State of Missouri.

3.     Defendant Charles J. Copeland ("Copeland") is an individual who resides in Oklahoma County, in the State of Oklahoma and is a citizen of the State of Oklahoma.

4.     Defendant Amanda Lawson ("Lawson") is an individual, and is the mother and next friend of H.M., a minor. Lawson is an individual who resides in Oklahoma County, in the State of Oklahoma and is a citizen of the State of Oklahoma.

5.     Defendant Independent School District No. I-007 of Oklahoma County a/k/a Harrah Public School District ("Harrah Public School District") is a public school district located within Oklahoma County, in the State of Oklahoma, and is a citizen of the State of Oklahoma.

6.     Venue is proper under 28 U.S.C. § 1391, as the acts complained of in the underlying state court case occurred in Oklahoma County, in the State of Oklahoma.

7.     Jurisdiction is proper under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.     All the Defendants identified herein have an interest in the outcome of this declaratory judgment action and are therefore necessary parties to this action.

### Factual Background

9.     On or about March of 2019, Copeland encouraged and solicited sexual conduct of a minor child, H.M., who was a freshman at Harrah High School, a school

2

located within Harrah Public School District, and later committed sexual battery on the minor child, H.M., which resulted in severe mental injuries, pain and suffering.

10.     On November 5, 2019, the State of Oklahoma initiated a criminal prosecution against Copeland in the District Court of Oklahoma County, in the State of Oklahoma, Case No. CF-2019-4607, which related to Copeland's conduct involving H.M. (the "Criminal Case"). The State of Oklahoma charged Copeland with two counts of sexual battery in violation of Okla. Stat. tit. 21, § 1123 and one count of soliciting sexual conduct or communication with a minor by the use of technology in violation of Okla. Stat. tit. 21, § 1040.13a.

11.     On March 9, 2020, Lawson, individually and on behalf of H.M., filed a civil lawsuit against Copeland in the District Court of Oklahoma County, in the State of Oklahoma, Case No. CJ-2020-1358, which seeks to recover from Copeland for his conduct involving H.M. (the "Civil Lawsuit").

12.     In addition to naming Copeland as a Defendant in the Civil Lawsuit, Lawson also named the Harrah Public School District and Harrah High School.

13.     On or about September 22, 2020, the Civil Lawsuit was removed to the United States District Court for the Western District of Oklahoma, Case No. 5:20-cv-00953-J, where it currently remains.

## The Policy of Insurance

14.     American National issued a tenants policy of liability insurance to Copeland, having policy number 35-H-511-54P-5, with effective dates of February 10, 2019 to February 10, 2020 (the "Tenants Policy").

3

15.     The insuring agreement for personal liability coverage under the Tenants Policy provides:

> [American National] will pay up to our **limit of liability** for **bodily injury** or **property damage** that an **insured** is legally obligated to pay resulting from an **occurrence** covered by this policy. Damages include prejudgment interest awarded against an **insured**.

16.     The Tenants Policy defines "**occurrence**" for purposes of personal liability coverage as "an accident, including exposure to conditions, which results in: a. **bodily injury**; or b. **property damage** during the policy period."

17.     The Tenants Policy contains the following exclusionary language:

> 1.     **Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply to **bodily injury** or **property damage**:
>
> a.     which is caused intentionally by or at the direction of any **insured** even if the resulting injury or damage is different than expected or intended. This includes any liability for negligent supervision or statutorily imposed vicarious liability for the actions of a child or a minor.
>
> This exclusion shall not apply to an intentional act arising out of  any **insured's** use of lawful force to protect persons or property;
>
> b.     arising out of **business pursuits** of any **insured** or the rental or holding for rental of any party of the premises by an **insured**.
>
>> This exclusion does not apply to:
>>
>> (1)     activities which are not ordinarily incident to non-**business pursuits**;
>>
>> (2)     the rental or holding for rental of a residence of yours:
>>
>>> (a)     on an occasional basis for the exclusive use as a residence;

(b)    in part, unless intended for use as a residence by more than two roomers or boarders; or

(c)    in part, as an office, school, studio, or private garage; or

(3)    Coverage E for the occasional or part-time **business pursuits** of any self-employed **insured** who is 19 years of age or younger;

. . . .

d.    which results from sexual misconduct, whether any **insured** participated in committing any sexual misconduct or remained passive after having knowledge of any sexual misconduct. Sexual misconduct means physical or mental harassment or assault of a sexual nature against any person;

. . . .

f.    arising out of the providing or neglecting to provide professional services;

. . . .

o.    arising out of any criminal act committed by or at the direction of any **insured**;

. . . .

q.    arising out of electronic aggression including, but not limited to, cyber bullying, cyber stalking or any other harassment or bullying by any electronic forum, publication, or other electronic form of communication, whether it is intended to be public or private. Electronic aggression includes, but is not limited to, any course of conduct or communication which alarms, threatens, intimidates, demeans, or causes another person emotional distress or fear of imminent harm. Electronic aggression also includes, but is not limited to, lewd language, visual insults including, but not limited to, derogatory art or impersonations, or repeated and unwanted attempts to contact a specific person whether or not the harassment is intentional and regardless of whether it serves a legitimate purpose;

. . . .

5

      2.     **Coverage E – Personal Liability**, does not apply to:

    . . . .

      g.     **punitive or exemplary damages**;

18.    The Tenants Policy defines "**punitive or exemplary damages**" as "damages which may be imposed to punish a wrongdoer and to deter others from similar conduct."

19.    The Tenants Policy defines "**bodily injury**" as injury to the body of a human being, including sickness, disease, or death which results from the injury."

20.    The Tenants Policy defines "**business**" or "**business pursuits**" to include:

    a.    trade, profession, or occupation (which includes **farming**);
    b.    home day-care services (which includes one to three children in your care at any one time, for which you receive any compensation); and
    c.    any other activity, whether full time or part time, performed for money or compensation of any kind in excess of $2,000 in gross annual revenue.

The following are not considered "**business pursuits**:"

    (1)    mutual exchange of home day-care services;
    (2)    a volunteer activity, but only if no insured receives any compensation other than the reimbursement of expenses incurred to perform the activity; or
    (3)    a hobby or other activity, not included in 3a or 3b above, for which no insured has received money or compensation of any kind in excess of more than $2,000 in gross annual revenue.

21.    American National further adopts and incorporates any and all other pertinent provisions of the Tenants Policy as if fully set forth herein.

## General Allegations

22.     American National contends the claims made against Copeland in the Civil Lawsuit are not covered under the above-referenced insuring agreement in the Tenants Policy.

23.     American National contends that the claims made against Copeland in the Civil Lawsuit are excluded under the above-referenced exclusions in the Tenants Policy.

24.     American National contends that it does not owe a defense or indemnity to Copeland for the claims made against him in the Civil Lawsuit based on the above-referenced provisions in the Tenants Policy.

25.     American National seeks a declaration of its rights and obligations to Copeland with respect to the claims asserted against him in the Civil Lawsuit, including:

a.      A finding that the claims asserted against Copeland in the Civil Lawsuit are not covered under the insuring agreement in the Tenants Policy;

b.      A finding that the claims asserted against Copeland in the Civil Lawsuit are excluded under one or more of the above-referenced exclusions in the Tenants Policy;

c.      A finding that American National does not owe Copeland a defense or indemnity for the claims asserted against him in the Civil Lawsuit; and

d.      All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

7

**WHEREFORE**, premises considered, Plaintiff American National Property and Casualty Company respectfully requests that this Court enter a declaratory judgment and find as follows:

a.    A finding that the claims asserted against Copeland in the Civil Lawsuit are not covered under the insuring agreement in the Tenants Policy;

b.    A finding that the claims asserted against Copeland in the Civil Lawsuit are excluded under one or more of the above-referenced exclusions in the Tenants Policy;

c.    A finding that American National does not owe Copeland a defense or indemnity for the claims asserted against him in the Civil Lawsuit; and

d.    All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

Respectfully submitted,

*s/Andrew C. Jayne*
Andrew C. Jayne, OBA #19493
Emily C. Krukowski, OBA #32038
BAUM GLASS JAYNE CARWILE & PETERS
Mid-Continent Tower
401 S. Boston Ave., Suite 2000
Tulsa, Oklahoma 74103
Telephone:  918/938.7944
Facsimile:  918/938.7966
***ATTORNEYS FOR PLAINTIFF***