UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES J. COPELAND, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-20-1033-J |

## ORDER

Plaintiff issued an insurance policy to Defendant Copeland in February 2019, and in November 2019, Defendant Copeland was criminally charged with sexual battery and soliciting sexual conduct or communication with a minor, H.M. In a related case, Defendant Lawson (H.M.'s mother) has sued Defendant Copeland and Defendant Harrah Public School District for compensatory and punitive damages. Plaintiff thereafter brought this action, asking the Court to declare that the insurance policy in question does not provide coverage for Defendant Copeland's alleged conduct and thus Plaintiff owes no duty to defend or indemnify Defendant Copeland (Comp.) [Doc. No. 1]. Plaintiff then moved for summary judgment (Pl.'s Mot.)[1] [Doc. No. 21] and no Defendant responded. For the reasons discussed below, Plaintiff's motion is GRANTED.

I.   **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hooks v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. 2020). Under such a review, the Court "'construe[s] the factual record and the reasonable inferences therefrom in the light most

---

[1] Citations to Plaintiff's motion and attached exhibits will refer to this Court's CM/ECF pagination.

favorable to the nonmoving party.'" *Alfaro-Huitron v. Cervantes Agribusiness*, 982 F.3d 1242, 1249 (10th Cir. 2020). The Court must undertake this analysis even though Defendants did not respond to the motion. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). However, by not responding, Defendants "confessed all facts asserted and properly supported in the summary judgment motion." *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1200 (10th Cir. 2002).

## II.     Findings of Fact

The Court finds no genuine dispute as to the following material facts:

- In February 2019, Defendant Copeland purchased a "tenants policy" from Plaintiff[2] which provided coverage, in relevant part, for "personal liability" for "bodily injury or property damage that an insured is legally obligated to pay resulting from an occurrence covered by [the] policy." Pl.'s Mot. at 15 & Ex. 7 at 15.

- Relevant here, an "occurrence" is defined in the policy as "an accident . . . which results in bodily injury[] or property damage[.]" *Id.*, Ex. 7 at 6.

- The policy excludes coverage for any damage (1) "which is caused intentionally by . . . any insured even if the resulting injury or damage is different than expected or intended;" (2) "which results from sexual misconduct," i.e., "physical or mental harassment or assault of a sexual nature against any person;" (3) arising "out of any criminal act committed by . . . any insured;" and (4) arising "out of electronic aggression" which includes "lewd language." *Id.*, Ex. 7 at 16-19.

- The policy excludes coverage for punitive damages. *See id.*, Ex. 7 at 19.

- In November 2019, in Oklahoma County District Court, Defendant Copeland was charged with two counts of sexual battery upon H.M., a minor, and one count of soliciting sexual conduct or communication with a minor by use of technology. *See id.*, Ex. 5.

---

[2] Plaintiff's attached policy does not include the effective dates, nor does it demonstrate that Defendant Copeland purchased the policy. However, Plaintiff includes these facts in its statement of facts, *see* Pl.'s Mot. at 15, and Defendants confessed these facts when they failed to respond. *See supra* at 1.

- Defendant Lawson, H.M.'s mother, has sued Defendant Copeland (and Defendant Harrah Public Schools) for intentional discrimination and substantive due process violations, seeking compensatory and punitive damages. *See id.*, Ex. 1 at 4-5, 15-18.[3]

- Based on the same set of facts, Defendant Lawson has also sued Defendant Copeland for negligence for failing to keep H.M. safe from sexual assault. *See id.*

### III. Analysis

Construing the undisputed facts in Defendants' favor, the Court finds Plaintiff is entitled to summary judgment as a matter of law. That is, Defendant Copeland stands accused – by both Defendant Lawson and the State of Oklahoma – of intentionally engaging in sexual battery and soliciting H.M. for sexual conduct via technology. *See supra* at 2. This allegedly intentional and criminal conduct falls outside the definition of "occurrence" and is specifically excluded under numerous clauses in the policy. *See id.* Additionally, the policy specifically excludes punitive damages from coverage. *See id.* So, the Court finds the policy does not provide coverage for Defendant Copeland's alleged conduct. *See Hecht v. Great N. Ins. Co.*, 769 F. App'x 562, 567 (10th Cir. 2019) (affirming the district court's granting of summary judgment to insurance company where the facts, even construed in the nonmovant's favor, reflected intentional conduct that was expressly excluded in the policy). Finally, Defendant Copeland's alleged intentional sexual battery and alleged negligence are so intertwined as to render them inseparable, thus the Court finds the policy exclusions apply equally to both claims. *See Hecht*, 769 F. App'x at 567 (finding insurance policy excluded intentional acts of false imprisonment and "because the alleged negligence was inseparably intertwined with [the] intentional conduct, [defendant] cannot divorce his negligence from the rest of his conduct, and thus, the exclusion applies").

---

[3] As Plaintiff notes, the petition was removed to this Court where it was filed as *Lawson v. Harrah High School, et al.*, CIV-20-953-J. The Court has since issued a ruling involving Harrah High School (not named here) and Defendant Harrah Public Schools. *See* Pl.'s Mot., Ex. 4.

## IV. Conclusion

Based on the foregoing, Plaintiff's motion for summary judgment is GRANTED and the Court finds Plaintiff owes Defendant Copeland no duty to defend or indemnify him from suit.

A separate judgment will issue.

IT IS SO ORDERED this 5th day of February, 2021.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE